CANADY, J.,
concurring in part and dissenting in part.
I concur with the majority’s decision to adopt amendments to Florida Rules of Juvenile Procedure 8.010, 8.070, 8.080, 8.115, 8.130, 8.235, 8.257, 8.265, 8.310, 8.400, 8.410, and 8.505. I dissent, however, from the majority’s decision to amend rule 8.100. Although I agree that juveniles should not be chained to one another in the courtroom or restrained in any other way that would interfere with their ability to have meaningful access to counsel, I dissent from the majority’s adoption of a rule establishing a blanket presumption against the use of any kind of restraints on juveniles appearing before a trial judge. In my view, the rule unduly restricts the ability of juvenile court judges to ensure that security is maintained in the courtroom.
It is true that the use of physical restraints during court proceedings may violate the defendant’s due process rights. See Deck v. Missouri, 544 U.S. 622, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005); Hernandez v. State, 4 So.3d 642 (Fla.), cert. denied, — U.S. -, 130 S.Ct. 160, 175 L.Ed.2d 101 (2009). Aside from the use of restraints that impede a defendant’s ability freely to consult with counsel, however, the due process concerns come into play only when a restrained defendant appears before a jury. The common law rule underlying the due process right “did not apply at ‘the time of arraignment,’ or like proceedings before the judge.” Deck, 544 U.S. at 626, 125 S.Ct. 2007 (quoting 4 W. Blackstone, Commentaries on the Laws of England 317 (1769)). The common law rule “was meant to protect defendants appealing at trial before a jury.” Id. The core due process concern that “[vjisible shackling undermines the presumption of innocence and the related fairness of the factfinding process” has no application to nonjury proceedings. Id. at 630, 125 S.Ct. 2007. Accordingly, due process considerations do not justify the broad rule adopted by the majority.
The minority report from the Juvenile Court Rules Committee states:
Control of courtroom security and the safety of those present in the courtroom are matters that should remain within the sound discretion of the trial judge. Given the wide variations in courtroom facilities across the state and differing availability of security staff, it is a matter of necessity that the trial judge retains full authority over the security of his or her courtroom, to protect the safety of all persons present.
[[Image here]]
... It is the juvenile judge who can best take into consideration the safety of all present, and who should continue to do so, without the imposition of rules *560 more appropriate to adult defendants in the presence of a jury.
I am persuaded by the view articulated in the minority’s report.
In his written comments filed on behalf of the Sixth Judicial Circuit in opposition to the proposed amendment to rule 8.100, Judge Raymond Gross points out that the “juveniles held in detention have already been determined to be high risk” by Department of Juvenile Justice personnel. I also find this point to be significant. In light of this point, it seems unwarranted to impose a presumption against the use of any restraints. I am concerned that by imposing such a presumption against the use of restraints on juveniles who have been placed in detention, the new rule will unduly hamper the trial court’s ability to maintain the safety of court personnel, the juveniles themselves, and any bystanders in the courtroom.
The reality is that being subjected to physical restraints is an inherent part of being in custody. Juveniles who are in custody will routinely be subjected to restraints when they are transported to and from court. Nothing in the proposed rule alters that fact. Accordingly, any “therapeutic” impact of the rule will be insubstantial compared with the significant security risks that may arise from the implementation of the rule.
Because I conclude that revised rule 8.100 may interfere with the State’s interest in conducting safe, orderly court proceedings, I dissent from the majority’s revision of rule 8.100.
APPENDIX
RULE 8.010. DETENTION HEARING
(a) [No Change]
(b) Time. The detention hearing shall be held within the time limits as provided by law. A child who is detained shall be given a hearing within 24 hours after being taken into custody.
(c)-(d) [No Change]
(e) Appointment of Counsel. At the detention hearing, the child shall be advised of the right to be represented by counsel. Counsel shall be appointed if the child qualifies, unless the child waives counsel in writing subject to the requirements of rule 8.165.
(ef) Advice of Rights. At the detention hearing the persons present shall be advised of the purpose of the hearing and the child shall be advised of:
(1) the nature of the charge for which he or she was taken into custody;
(2) the right -to — be—represented-by counsel-and if insolvent-the right to appointed counsel;
(32) that the child is not required to say anything and that anything said may be used against him or her;
(43) if the child’s parent, custodian, or counsel is not present, that he or she has a right to communicate with them and that, if necessary, reasonable means will be provided to do so; and
(54) the reason continued detention is requested.
(fg) Issues. At this hearing the court shall determine the following:
(1) The existence of probable cause to believe the child has committed a delinquent act. This issue shall be determined in a nonadversary proceeding. The court shall apply the standard of proof necessary for an arrest warrant and its finding may be based upon a sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.
(2) The need for detention according to the criteria provided by law. In making *561 this determination in addition to the sworn testimony of available witnesses all relevant and material evidence helpful in determining the specific issue, including oral and written reports, may be relied upon to the extent of its probative value, even though it would not be competent at an adjudicatory hearing.
(3) The need to release the juvenile from detention and return the child to the child’s nonresidential commitment program.
(gh) Probable Cause. If the court finds that such probable cause exists, it shall enter an order making such a finding and may, if other statutory needs of detention exist, retain the child in detention. If the court finds that such probable cause does not exist, it shall forthwith release the child from detention. If the court finds that one or more of the statutory needs of detention exists, but is unable to make a finding on the existence of probable cause, it may retain the child in detention and continue the hearing for the purpose of determining the existence of probable cause to a time within 72 hours of the time the child was taken into custody. The court may, on a showing of good cause, continue the hearing a second time for not more than 24 hours beyond the 72-hour period. Release of the child based on no probable cause existing shall not prohibit the filing of a petition and further proceedings thereunder, but shall prohibit holding the child in detention pri- or to an adjudicatory hearing.
RULE 8.070. ARRAIGNMENTS
(a) Appointment of Counsel. Prior to the adjudicatory hearing, the court may conduct a hearing to determine whether a guilty, nolo contendere, or not guilty plea to the petition shall be entered and whether the child is represented by counsel or entitled to appointed counsel as provided by law. Counsel shall be appointed if the child qualifies for such appointment and does not waive counsel in writing subject to the requirements of rule 8.165.
(b) Plea. The reading or statement as to the charge or charges may be waived by the child. If the child is represented by counsel, counsel may file a written plea of not guilty at or before arraignment and arraignment shall then be deemed waived. If a plea of guilty or nolo contendere is entered, the court shall proceed as set forth under rule 8.115, disposition hearings. If a plea of not guilty is entered, the court shall set an adjudicatory hearing within the period of time provided by law and-appoint counsel when required. If the child — is ■■ represented by counsel,.counsel may file a written plea of not guilty at or ■before — arraignment and -thereupon arraignment shall be deemed — waived. The child is entitled to a reasonable time in which to prepare for trial.
Committee Notes
[No Change]
RULE 8.080. ACCEPTANCE OF GUILTY OR NOLO CON-TENDERE PLEA
(a) [No Change]
(b) Determination by Court. The court, when making this determination, should place the child under oath and shall address the child personally. The court shall determine that the child understands each of the following rights and consequences of entering a guilty or nolo con-tendere plea:
(1) The nature of the charge to which the plea is offered and the possible dispositions available to the court.
(2) If the child is not represented by an-attorney, that the child has the right to be represented by an attorney at every stage of the proceedings and, if necessary, *562 one will be appointed. Counsel shall be appointed if the child qualifies for such appointment and does not waive counsel in writing subject to the requirements of rule 8.165.
(3) That the child has the right to plead not guilty, or to persist in that plea if it had already been made, and that the child has the right to an adjudicatory hearing and at that hearing has the right to the assistance of counsel, the right to compel the attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself.
(4) That, if the child pleads guilty or nolo contendere, without express reservation of the right to appeal, the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, is relinquished, but the right to review by appropriate collateral attack is not impaired.
(5) That, if the child pleads guilty or nolo contendere, there will not be a further adjudicatory hearing of any kind, so that by pleading so the right to an adjudicatory hearing is waived.
(6) That, if the child pleads guilty or nolo contendere, the court may ask the child questions about the offense to which the child has pleaded, and, if those questions are answered under oath, on the record, the answers may later be used against the child in a prosecution for perjury-
(7) The complete terms of any plea agreement including specifically all obligations the child will incur as a result.
(8) That, if the child pleads guilty or nolo contendere, and the offense to which the child is pleading is a sexually violent offense or a sexually motivated offense, or if the child has been previously adjudicated for such an offense, the plea may subject the child to involuntary civil commitment as a sexually violent predator on completion of his or her sentence. It shall not be necessary for the trial judge to determine whether the present or prior offenses were sexually motivated, as this admonition shall be given to all children in all cases.
(c)-(e) [No Change]
(f) Withdrawal of Plea When Judge Does Not Concur. If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
(⅛) Failure to Follow Procedures. Failure to follow any of the procedures in this rule shall not render a plea void, absent a showing of prejudice.
RULE 8.100. GENERAL PROVISIONS FOR HEARINGS
Unless otherwise provided, the following provisions apply to all hearings:
(a) [No Change]
(b) Use of Restraints on the Child-Instruments of restraint, such as handcuffs, chains, irons, or straitjackets, may not be used on a child during a court proceeding and must be removed prior to the child’s appearance before the court unless the court finds both that:
(1) The use of restraints is necessary due to one of the following factors:
(A) Instruments of restraint are necessary to prevent physical harm to the child or another person;
(B) The child has a history of disruptive courtroom behavior that has placed others in potentially harmful situations or presents a substantial risk of inflicting physical harm on himself or herself or others as evidenced by recent behavior; or
*563 (C) There is a founded belief that the child presents a substantial risk of flight from the courtroom; and
(2)There are no less restrictive alternatives to restraints that will prevent flight or physical harm to the child or another person, including, but not limited to, the presence of court personnel, law enforcement officers, or bailiffs.
(be) Absence of the Child. If the child is present at the beginning of a hearing and during the progress of the hearing voluntarily absents himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(ed) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party in an adjudicatory hearing shall, exclude all other -witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(de) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party-
(ef) Record of Testimony. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or a recording device. The records shall be preserved for 5 years from the date of the hearing. Official records of testimony shall be provided only on request of a party or a party’s attorney or on a court order.
(fg) Notice. When these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
RULE 8.115. DISPOSITION HEARING
(a) [No Change]
(b) Appointment of Counsel. Counsel shall be appointed at all disposition hearings, including cases transferred from other counties and restitution hearings, if the child qualifies for such appointment and does not' waive counsel in writing as required by rule 8.165.
(be) Disclosure. The child, the child’s attorney, the child’s parent or custodian, and the state attorney shall be entitled to disclosure of all information in the predisposition report and all reports and evaluations used by the department in the preparation of the report.
(cd) Disposition Order. The disposition order shall be prepared and distributed by the clerk of the court. Copies shall be provided to the child, defense attorney, state attorney, and department representative. Each case requires a separate disposition order. The order shall:
(1) state the name and age of the child;
(2) state the disposition of each count, specifying the charge title, degree of offense, and maximum penalty defined by statute and specifying the amount of time served in secure detention before disposition;
(3) state general and specific conditions or sanctions;
(4) make all findings of fact required by law;
(5) state the date and time when issued and the county and court where issued; and
(6) be signed by the court with the title of office.
*564 (de) Fingerprints. The child’s fingerprints shall be affixed to the order of disposition.
Committee Notes
[No Change]
RULE 8.130. MOTION FOR REHEARING
(a) [No Change]
(b) Time and Method.
(1) A motion for rehearirig may be made and ruled upon immediately after the court announces its judgment but must be made within 10 days of the entry of the order being challenged.
(2) If the motion is made in writing, it shall be served as provided in these rules for service of other pleadings.
(3) A motion for rehearing shall net toll the time for the taking of an appeal.
(c) Court Action.
(1) If the motion for rehearing is granted, the court may vacate or modify the order or any part thereof and allow additional proceedings as it deems just. It may enter a new judgment, and may order or continue the child in detention pending further proceedings.
(2) The court on its own initiative may vacate or modify any order within the time limitation provided in subdivision (b).
RULE 8.235. MOTIONS
(a) [No Change]
(b) Motion to Dismiss. Any party may file a motion to dismiss any petition, allegations in the petition, or other pleading, setting forth the grounds on which the motion is based. If a motion to dismiss the petition is granted wfaerewhen a child is being sheltered under an order, the child may be continued in shelter under previous order of the court upon the representation that a new or amended petition will be filed.
(c) Sworn Motion to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss the petition or allegations in the petition on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of dependency. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the party. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The opposing parties may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the party. The motion shall be denied if the party files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss.
(d) [No Change]
Committee Notes
[No Change]
RULE 8.257. GENERAL MAGISTRATES
(a) [No Change]
(b) Referral.
(1) — (2) [No Change]
(3)Order.
(A) The order of referral shall contain the following language in bold type:
A REFERRAL TO A GENERAL MAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE GENERAL MAGISTRATE, YOU MUST FILE A WRIT *565 TEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE MADE BEFORE THE HEARING. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.
REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE SHALL BE BY EXCEPTIONS AS PROVIDED IN FLORIDA RULE OF JUVENILE PROCEDURE 8.257(f). A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, ELECTRONIC RECORDING OF~ PROCEEDINGS, OR STIPULATION BY THE PARTIES OF THE EVIDENCE CONSIDERED BY THE GENERAL MAGISTRATE AT THE PROCEEDINGS, WILL BE REQUIRED TO SUPPORT THE EXCEPTIONS.
(B) The order of referral shall state with specificity the matter or matters being referred. The order of referral shall also state whether electronic recording or a court reporter is provided by the court.
(4) [No Change]
(c)-(d) [No Change]
(e)Report.
(1) The general magistrate shall file a report that includes findings of fact, conclusions of law, and recommendations and serve copies on all parties. If a court reporter was present, the report shall contain the name and address of the reporter.
(2) The report and recommendations shall contain the following language in bold type:
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS WITHIN 10 DAYS OF SERVICE OF THE REPORT AND RECOMMENDATIONS IN ACCORDANCE WITH FLORIDA RULE OF JUVENILE PROCEDURE 8.257(f). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS WITHIN 10 DAYS OF SERVICE OF THE REPORT AND RECOMMENDATIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS, ELECTRONIC RECORDING OF PROCEEDINGS, OR STIPULATION BY THE PARTIES OF THE EVIDENCE CONSIDERED BY THE GENERAL MAGISTRATE AT THE PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT’S REVIEW.
(f) [No Change]
(g) Record.
(1) For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review. The record shall consist of
(A) the court file, — including the transcript of-the relevant proceedings before the general magistrate, and;
(B) all depositions and evidence presented to the general magistrate-; and
*566 (C) the transcript of the proceedings, electronic recording of the proceedings, or stipulation by the parties of the evidence considered by the general magistrate at the proceedings.
(42) The transcript of all relevantthe proceedings, electronic ~ recording of the proceedings, or stipulation by the parties of the evidence considered by the general magistrate at the proceedings, if any, shall be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions.
(23) If less than a full transcript or electronic recording of the proceedings taken before the general magistrate is ordered prepared by the excepting party, that party shall promptly file a notice setting forth the portions of the transcript or electronic recording that have been ordered. The responding party shall be permitted to designate any additional portions of the transcript or electronic recording necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.
(34) The cost of the original and all copies of the transcript or electronic recording of the proceedings shall be borne initially by the party seeking review. Should any portion of the transcript or electronic recording be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript or electronic recording.
(h) [No Change]
RULE 8.265. MOTION FOR REHEARING
(a) [No Change]
(b) Time and Method.
(1)A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within 10 days of the entry of the order.
(2) If the motion is made in writing, it shall be served as provided in these rules for service of other pleadings.
(3) A motion for rehearing shall not toll the time for the taking of an appeal. The court shall rule on the motion for rehearing within 10 days of filing or it is deemed denied.
(c) [No Change]
RULE 8.310. DEPENDENCY PETITIONS
(a)-(d) [No Change]
(e) Voluntary Dismissal. The petitioner without leave of the court, at any time prior to entry of an order of adjudication, may request a voluntary dismissal of the petition or any allegations of the petition by serving a notice requesting dismissal on all parties, or, if during a hearing, by so stating on the record. The petition or any allegations in the petition shall be dismissed, andlf the petition is dismissed, the court loses jurisdiction unless another party adopts the petition within 72 hours.
Committee Notes
[No Change]
RULE 8.400. CASE PLAN DEVELOPMENT
(a)-(c) [No Change]
(d) Department Responsibility.
(1) The department shall prepare a draft of a case plan for each child receiving services under F.S. Chapter 39, Florida Statutes.
(2) The department shall document, in writing, a parent’s unwillingness or inabili *567 ty to participate in the development of the case plan, provide the written documentation to the parent when available for the court record, and prepare a case plan.
(3) After the case plan has been developed, and before acceptance by the court, the department shall make the appropriate referrals for services that will allow the parents to begin the agreed-upon tasks and services immediately if the parents agree to begin compliance.
(4) The department must immediately give the parties, including the child if appropriate, a signed copy of the agreed-upon case plan.
(5) The department must prepare, but need not submit to the court, a case plan for a child who will be in care no longer than 30 days unless that child is placed in out of home care a second time within a 12-month period.
(6) The department must prepare a case plan for a child in out of home care within 60 days after the department removes the child from the home and shall submit the plan to the court before the disposition hearing for the court to review and approve.
(7) Not less than 3 business days before the disposition or case plan review hearing, the department must file a case plan with the court.
(8) After jurisdiction attaches, the department shall file with the court all case plans, including all case plans prepared before jurisdiction of the court attached. The department shall provide a copy of the case plans filed to all the parties whose whereabouts are known, not less than 3 business days before the disposition or case plan review hearing.
(e) [No Change]
(f) Service. Each party, including the child, if appropriate, must be provided with a copy of the case plan not less than 3 business days before the disposition or case plan review hearing. If the location of a parent is unknown, this fact must be documented in writing and included in the plan.
RULE 8.410. APPROVAL OF CASE PLANS
(a) Hearing. The court shall review the contents of the case plan at the disposition or case plan review hearing unless a continuance for the filing of the case plan has been granted by the court.
(b)-(e) [No Change]
RULE 8.505. PROCESS AND SERVICE
(a)-(b) [No Change]
(c) Constructive Service. Parties whose identities are known and on whom personal service of process cannot be effected shall be served by publication as provided by law. The notice of action shall contain the initials of the child and the child’s date of birth. There shall be no other identifying information of the child in the notice of action. The notice of action shall include the full name and last known address of the person subject to the notice. The notice of action shall not contain the name or any other identifying information of the other parents or prospective parents who are not subject to the notice.
(d) [No Change]
FORM 8.978(a). ORDER CONCERNING YOUTH’S ELIGIBILITY FOR FLORIDA’S TUITION AND FEE EXEMPTION.
ORDER CONCERNING ELIGIBILITY FOR FLORIDA’S TUITION AND FEE EXEMPTION
THIS CAUSE comes before the court to determine .... (name)....’s eligibility for *568 the tuition and fee exemption under Chapter 1009, Florida Statutes, and the court being fully advised in the premises, it is
ORDERED AND ADJUDGED that _(name)_is eligible, under Chapter 1009, Florida Statutes, and therefore exempt from the payment of tuition and fees, including lab fees, at a school district that provides postsecondary career programs, community college, or state university.
ORDERED at .. Florida, on .... (date).
[[Image here]]
Circuit Judge
Copies to:
FORM 8.982. NOTICE OF ACTION FOR ADVISORY HEARING
.(Child(ren)’s initials and date(s) of birth).
NOTICE OF ACTION AND OF ADVISORY HEARING FOR TERMINATION OF PARENTAL RIGHTS AND GUARDIANSHIP
STATE OF FLORIDA
TO: .(name and address of person being summoned).
A Petition for Termination of Parental Rights under oath has been filed in this court regarding the above-referenced child(ren). You are to appear before .... (judge)...., at .... (time and address of hearing)...., for a TERMINATION OF PARENTAL RIGHTS ADVISORY HEARING. You must appear on the date and at the time specified.
FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED YOU MAY LOSE ALL LEGAL RIGHTS TO THE CHILD (OR CHILDREN) WHOSE INITIALS APPEAR ABOVE.
If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact (name, address, telephone number) within two working days of your receipt of this summons. If you are hearing or voice impaired, call 711.
Witness my hand and seal of this court at .... (city, county, state).... on .... (date).
CLERK OF COURT
BY:
DEPUTY CLERK
AVISO Y CITACION PARA LA AU-DIENCIA INFORMATIVA SOBRE LA TERMINACION DE LOS DER-ECHOS PATERNALES Y DE LA TUTELA
ESTADO DE LA FLORIDA
PARA:
(Nombre y dirección de la persona a ser citada)
CONSIDERANDO que se ha interpues-to en este Juzgado una solicitud bajo ju-ramento para la terminación de los derec-hos paternales con respecto al(os) nino(s) en referencia, adjuntándose copia de la misma. Mediante la presente se le ordena comparecer ante el
(Juez)
a las_para una AUDIENCIA INFORMATIVA SOBRE LA
(hora y lugar de la audiencia)
*569 TERMINACION DE LOS PEREC-HOS PATERNALES. Usted deberá com-parecer en le fecha y hora indicadas.
SI USTED NO COMPARECE PER-SONALMENTE A LA AUDIENCIA IN-FORMATIVA, ESTO SIGNIFICARA QUE USTED ACCEDE A LA TERMI-NACION DE SUS DERECHOS PATER-NALES CON RESPECTO A ESTE(OS) NINO(S). SI USTED NO COMPA-RECE EN LA FECHA Y HORA INDI-CADAS, USTED PODRA PERDER TO-DOS SUS DERECHOS LEGALES CON RESPECTO AL/LOS NINO(S) MEN-CIONADO^) EN LA PETICION AD-JUNTA A ESTE AVISO.
De acuerdo con la Ley de Americanos con Incapacidades de 1990(ADA), las personas incapacitadas quienes, por sus incapacidades, necesitan acomodos es-peciales para participar en esto proceso deben ponerse en contacto con un coor-dinador de ADA en el no mas tarde de 2 dias laborables antes de tal proceso para recibir asistencia. El numero para el Servicio de Interpretación de la Florida para Personas Sordas es el 771.
Firmado y sigilado en este Juzgado el
(ciudad,_condado,_estado) (fecha)
ESCRIBANO DEL TRIBUNAL POR:__ ESCRIBANO DELEGADO
MANDA AK AVTISMAN POU EN-FOME-W SOU YON CHITA TANDE, POU YO ANILE DWA-W KM PARAN AK KM GADYEN.
LETA FLORID
POU: . (non ak adrs moun yo voye manda-a).
KOM, tandiske, gen yon demann smante pou anile dwa paran-yo, ki prezante devan tribinal-la, konsnan timoun Id nonmen nan It sa-a, piwo-a, yon kopi dokiman-an kwoke nan dosye-a., yo bay Id pou prezante de-van.(Jij-la)-, a-(nan.l ak adrs chita tande-a)NAN YON CHITA TANDE POU YO ENFME-W, YO GEN LENTANSYON POU ANILE DWA-OU KM PARAN. Ou ft pou prezante nan dat ak 1 ki endike-a.
SI OU PA PREZANTE PSONLMAN NAN CHITA TANDE-A, POU YO ENFME-W, YO GEN LENTANSYON POU ANILE DWA-OU KM PARAN, SA KA LAKZ YO DESIDE OU KONSANTI TIMOUN SA-A (YO), BEZWEN PWO-TEKSYON LETA EPI SA KA LAKZ OU PDI DWA-OU KM PARAN TIMOUN SA-A(YO), KI GEN NON YO MAKE NAN KOPI DEMANN-NAN, KI KWOKE NAN AVTISMAN-AN
An ako ak Lwa pou Ameriken ki An-dikape yo de ane 1990(ADA) a, moun ki andikape yo, ki poutet andikap yo an, bezwen de aranjman spesyal pou yo ka patisipe nan deroulman yo, fet pou ran-tre an knotak ak koodinate ADA a nan pa pi ta ke non 2 jou travay ki vin anvan deroulman an pou yo ka resevwa asis-tans. Nimewo pou Sevis Tradiksyon nan la Florid pou moun ki soud se 771.
Mwen siyen non mwen e mete so mwen nan dokiman tribinal-la km temwen nan (vil, distrik, eta)_, nan_(dat)
GREFYE TRIBINAL-LA PA: . ASISTAN GREFYE TRIBINAL-LA